Nott, J.
delivered the opinion of the Court,
Where persons withdraw their causes from the ordinary tribunals of the country, and submit them to judges of their own choosing, it is always understood that they mean to dispense with those technical rules of proceeding, by which Courts of Justice are usually governed. It has, therefore, become a well settled rule, not to set aside an award, unless there shall appear some evidence of corruption or partiality in the arbitrators, or *49 unless they shall hare committed some manifest error. The Court will never undertake to re-try the case upon its merits. I think, therefore, that the presiding Judge erred m looking into the evidence in this case.
Lefper?lDai-las, 161. Vide Hol-
The only doubt which I have felt on the occasion, has been in relation to the admissibility of the plaintiff as a witness in his own cause. But that seems to be a practice which has long prevailed in this State; and in the case of Mulder v. Crovat, 2 Bay, 370, in the year 1802, was sanctioned by the whole Court. The oath in this case, was first tendered to the defendant, who declined the offer. That was certainly calculated to cast a shade of suspicion over his case, and would seem to remove any ground that he might have had for such an objection. I do not think, however, it is a practice much to be encouraged. It is calculated to open the door to perjury, which ought to be avoided. But the parties may always guard against it by thus qualifying the rule of submission: And as the practice has so long prevailed, and under the sanction of such high authority, I am not now disposed to innovate upon it. I am of opinion, therefore, that the decision ought to be reversed, and the award confirmed.
Motion granted.